UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
CAROL KONITS,

                Plaintiff,                  <u>MEMORANDUM AND ORDER</u>

    -against-                      CV 01-6763 (LDW)

VALLEY STREAM CENTRAL HIGH
SCHOOL DISTRICT, <u>et</u> <u>al</u>.,

                Defendants.
--------------------------------------------------X

WEXLER, District Judge

        Plaintiff Carol Konits brought this action under 42 U.S.C. § 1983 against defendants

Valley Stream Central High School District, its Board of Education, and administrators

Robert D. Vilante, Dean Karahalis ("Karahalis"), Robert E. Kaufold and Grace Kerr, each in

their individual and official capacities, for retaliation in violation of the First Amendment and for

deprivation of equal protection and due process under the  Fifth and Fourteenth Amendments, as

well as supplemental state claims.  By Memorandum and Order, dated March 2, 2004, familiarity

with which is assumed, Judge Platt granted summary judgment to defendants dismissing the

action.  <u>See</u> <u>Konits v. Valley Stream Cent. High Sch. Dist.</u>, CV 01-6763 (E.D.N.Y. Mar. 2,

2004).  On appeal, the Second Circuit reinstated the First Amendment retaliation claim and

remanded for further proceedings.  <u>See</u> <u>Konits v. Valley Stream Cent. High Sch. Dist.</u>, 394 F.3d

121 (2d Cir. 2005).  After a three-day trial, a jury returned a verdict for plaintiff for $400,000 on

her retaliation claim against defendant Karahalis.  Thereafter, Karahalis moved to set aside the

verdict and/or reduce the jury award.  At a conference with the Court, plaintiff and Karahalis

settled the matter for $175,000, with plaintiff reserving the right to move for attorney's fees.

Plaintiff now seeks attorney's fees as a prevailing party under 42 U.S.C. § 1988.  Karahalis

opposes the motion, arguing for a substantial reduction in the amount awarded.

Section 1988(b) provides that "the court in its discretion may allow the prevailing party a reasonable attorney's fee." <u>Green v. Torres</u>, 361 F.3d 96, 98 (2d Cir. 2004). There is no dispute that plaintiff is a prevailing party. <u>See</u> <u>Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.</u>, 532 U.S. 598, 603 (2001). Thus, the Court must determine a reasonable fee, bearing in mind a variety of factors relevant to this action, particularly the degree of success. <u>See</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182 (2d Cir. 2008).

Plaintiff requests $906,675.50 in attorney's fees based on 2410.6 hours for three attorneys: (1) Dennis A. Bengels ("D. Bengels") (1,279.8 hours @ $385 per hour, totaling $492,723.00); (2) Sharon C. Konits ("S. Konits") (1,073.1 hours @ $375 per hour, totaling $402,412.50); and (3) Jessica L. Bengels ("J. Bengels") (57.7 hours @ $200 per hour, totaling $11,540.00). Karahalis argues for a reduction in any award on the grounds that the hourly rates charged by plaintiff's attorneys are excessive; that plaintiff had only limited success; that hours expended for travel should billed at one-half the hourly rate; that hours billed for J. Bengels were not necessary; and that plaintiff's billing records contain entries that should not be compensated because they are vague, for clerical or paralegal services, and/or for items that are unnecessary or shouldn't have been billed, as detailed in Karahalis' opposition papers.

As for Karahalis' challenge to plaintiff's proposed hourly rates, the Court finds that, when considering the approximate market rate for attorneys with like experience and skill of each of plaintiff's attorneys, in light of the nature and circumstances of this action, the appropriate rate for D. Bengels and S. Konits is $250 per hour for work performed from June 23,

2000 to December 21, 2005 and $300 per hour for work performed from January 1, 2006 to February 22, 2008, and $150 per hour for J. Bengels.

As for the billings for travel, the Court finds that hours expended for travel, which the parties compute at 21.2 for D. Bengels (7.3 hours before January 1, 2006 and 13.9 hours thereafter) and 21.9 for S. Konits (10.6 hours before 2006 and 11.3 hours thereafter), should be charged at one-half the hourly rate; thus, one-half of these hours should be included in determining a reasonable fee.

The record shows that D. Bengels expended 638.8 hours before January 1, 2006 and 641 hours thereafter; and S. Konits expended 710.4 hours before January 1, 2006 and 362.7 hours thereafter. Thus, the Court initially reduces the hours for D. Bengels to 635.15 (638.8 less one-half of 7.3) before January 1, 2006 and 634.05 (641 less one-half of 13.9) thereafter; and for S. Konits to 705.1 (710.4 less one-half of 10.6) before January 1, 2006 and 357.05 (362.7 less one-half of 11.3) thereafter.

Moreover, the Court finds that 14 hours for J. Bengels to attend the trial was not necessary. Thus, the hours for J. Bengels are reduced to 43.7.

As for Karahalis' argument that any award should be reduced because plaintiff did not prevail on all claims, such a determination turns on "the degree to which the meritorious claims are clearly separable from the unsuccessful ones." McCann v. Coughlin, 698 F.2d 112, 130 (2d Cir. 1983). Despite not prevailing on all claims, plaintiff contends that no reduction should be made because she obtained an excellent result and all of her claims were factually and legally intertwined. See City of Riverside v. Rivera, 477 U.S. 561, 569 (1986) (observing "that '[w]here a plaintiff has obtained excellent results, his attorney should receive a fully compensatory fee,'

and that 'the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit' " (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983))); see also McCann, 698 F.2d at 130 ("A rule requiring that attorney's fee awards be reduced in such a situation could have the unfortunate affect of discouraging civil rights plaintiffs from advancing alternative theories in challenging a constitutionally suspect practice.").  Upon consideration, the Court finds that the equal protection and due process claims dismissed by Judge Platt in the March 2, 2004 decision are sufficiently separable from the First Amendment retaliation claim on which plaintiff prevailed.  Under these circumstances, the Court finds that a one-third reduction in the hours before March 2, 2004 is appropriate.  According to Karahalis, one-third of the hours during this period amounts to approximately 138.3 hours for D. Bengels and 174.5 hours for S. Konits.  Based on this computation, the Court reduces the hours before January 1, 2006 for D. Bengels to 496.85 (635.15 less 138.3) and for S. Konits to 530.6 (705.1 less 174.5).

Moreover, the Court finds that a 25% reduction is appropriate to reflect that plaintiff succeeded against only one defendant and an additional 10% reduction is appropriate to account for (1) billing entries that are vague (making it difficult to determine whether the number of hours expended were reasonable); (2 ) hours that are excessive to the reasonable prosecution of this action, such as a large number of hours for file review; (3) hours that are not reasonably related or necessary to the successful pursuit of this action, such as those relating to the grievance hearing in 2006; and (4) hours that should have been billed at reduced rates for clerical and paralegal tasks.

Based on the above determinations, the Court finds that a reasonable fee under the

circumstances presented is $364,485.88, based on the following hours and rates reduced by 35%:

(1) D. Bengels, 496.85 hours @ $250 per hour and 634.05 @ $300 per hour; (2) S. Konits, 530.6

hours @ $250 per hour and 357.05 hours @ $300 per hour; and (3) J. Bengels, 43.7 hours @

$150 per hour.  Accordingly, the Court grants plaintiff's motion for attorney's fees in the amount

of $364,485.88.

     SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      August 18, 2008