UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CAROL KONITS,

               Plaintiff,                   MEMORANDUM AND ORDER

      -against-                       CV 01-6763 (LDW)

VALLEY STREAM CENTRAL HIGH
SCHOOL DISTRICT, et al.,

               Defendants.
----------------------------------------------------X

WEXLER, District Judge

       Plaintiff Carol Konits brought this action under 42 U.S.C. § 1983 against defendants

Valley Stream Central High School District, its Board of Education, and administrators

Robert D. Vilante, Dean Karahalis ("Karahalis"), Robert E. Kaufold, and Grace Kerr, each in

their individual and official capacities, for retaliation in violation of the First Amendment and for

deprivation of equal protection and due process under the Fifth and Fourteenth Amendments, as

well as supplemental state claims. By Memorandum and Order, dated March 2, 2004, familiarity

with which is assumed, Judge Platt granted summary judgment to defendants dismissing the

action. See Konits v. Valley Stream Cent. High Sch. Dist., CV 01-6763 (E.D.N.Y. Mar. 2,

2004). On appeal, the Second Circuit reinstated the First Amendment retaliation claim and

remanded for further proceedings. See Konits v. Valley Stream Cent. High Sch. Dist., 394 F.3d

121 (2d Cir. 2005) ("Konits I"). After a three-day trial, a jury returned a verdict for plaintiff for

$400,000 on her retaliation claim against Karahalis. Thereafter, Karahalis moved to set aside the

verdict and/or reduce the jury award. At a conference with the Court, plaintiff and Karahalis

settled the matter for $175,000, with plaintiff reserving the right to move for attorney's fees.

Plaintiff filed a motion for attorney's fees as a prevailing party under 42 U.S.C. § 1988, seeking

$906,675.50 based on 2,410.6 hours for three attorneys: (1) Dennis A. Bengels ("D. Bengels") (1,279.8 hours @ $385 per hour, totaling $492,723.00); (2) Sharon C. Konits ("S. Konits") (1,073.1 hours @ $375 per hour, totaling $402,412.50); and (3) Jessica L. Bengels ("J. Bengels") (57.7 hours @ $200 per hour, totaling $11,540.00). Karahalis opposed the motion, arguing for a substantial reduction in the amount awarded.

By Memorandum and Order dated August 18, 2008 (the "August 18, 2008 Order"), this Court awarded plaintiff attorney's fees in the amount of $364,485.88. In this respect, the Court applied (1) a one-third reduction in hours before March 2, 2004, reflecting dismissal of plaintiff's equal protection and due process claims; (2) a 25% reduction in that plaintiff succeeded against only one of several defendants; and (3) a 10% reduction for vague billing entries, hours excessive to reasonable prosecution of the action, hours not reasonably related or necessary to the prosecution of the action, and hours that should have been billed at reduced rates for clerical and paralegal tasks.

Plaintiff appealed the decision. By Summary Order, the Second Circuit remanded the matter for further explanation of (1) the basis for reduction of fees for the "sufficiently separable" claims to the one upon which plaintiff prevailed; (2) the basis for reduction of fees for plaintiff's success against one of several defendants; and (3) the rate applied in the fee calculation. See Konits v. Valley Stream Cent. High Sch. Dist., 350 Fed. Appx. 501, at **3 (Oct. 26, 2009) ("Konits II"). Plaintiff did not challenge the 10% reduction, and the Second Circuit did not disturb that ruling. See id. at **2 n.1.

Plaintiff now moves this Court to respond to the Second Circuit's remand order in Konits II, for renewal of her "second motion" for attorney's fees, and for an award of attorney's

fees incurred on appeal in <u>Konits II</u>.

In determining an attorney's fee award, the district court must calculate a "presumptively reasonable fee." <u>Simmons v. New York City Transit Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009); <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008). In doing so, the court is directed " 'to bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." <u>Arbor Hill</u>, 522 F.3d at 190 (emphasis in original). The presumptively reasonable rate is the "rate a paying client would be willing to pay," mindful that a client wishes "to spend the minimum necessary to litigate the case effectively." <u>Id.</u> In determining the rate, the district court should consider such factors as those identified in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), <u>abrogated on other grounds by</u> <u>Blanchard v. Bergeron</u> , 489 U.S. 87 (1989).[1] Moreover, the district court is to apply the "forum rule," meaning that, generally, the court should use the hourly rates employed in the district where the district court sits. <u>Arbor Hill</u>, 522 F.3d at 190.

As for the reasonable hourly rates, plaintiff requests $425 per hour for D. Bengels and $400 per hour for S. Konits. Courts have found that the prevailing rates for experienced attorneys in Eastern District of New York cases range from approximately $300-400 per hour.

---

[1]The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson</u>, 488 F.2d at 717-19.

See, e.g., Luca v. County of Nassau, No. 04-CV-4898 (FB), 2010 WL 307027, at *3-4 (E.D.N.Y. Jan. 25, 2010) (finding $400 an hour reasonable rate for experienced attorneys in Eastern District); Gutman v. Klein, No. 03 Civ. 1570 (BMC), 2009 WL 3296072, at *2 (E.D.N.Y. Oct.13, 2009) (finding hourly rates of $300-400 for partners, $200-300 for senior associates, and $100-200 for junior associates reasonable in Eastern District). The Court finds that the range of $300-400 per hour is an appropriate range for experienced attorneys in employment discrimination actions in this district.

As for the appropriate hourly rates in this action, the Court finds that the level of plaintiff's counsels' legal work was adequate. Trial counsel D. Bengels was competent, but not exceptional, in his witness examinations and presentations at trial. A review of the file also shows that counsel did competent work in pursuing the action and prevailing on appeal and in defending against a second summary judgment motion. While the issues in this action may not have been difficult, they were to some extent novel, as reflected by the Second Circuit's decision in Konits I. Konits I, 394 F.3d at 125-26. Presumably, this factor would have made the case less desirable for purposes of obtaining counsel. On the other hand, the timing demands posed by the litigation were not substantial. The litigation was not expedited and there is no indication that the client or circumstances imposed any significant time constraints or unusual burdens on counsel. Contrary to plaintiff's contentions, the Court did not impose any significant time constraints or unusual burdens on counsel. Given the experience and level of competency demonstrated by each of plaintiff's attorneys, in light of the nature and circumstances of this action and the range of the prevailing rate in this district, the Court sets the following rates: $350 per hour for D. Bengels; $300 per hour for S. Konits; and $150 per hour for J. Bengels.

Notably, D. Bengels' rate is set higher than S. Konits' rate given his greater experience and role as lead counsel.

As for the reduction of hours because plaintiff did not prevail on all claims, such a determination turns on "the degree to which the meritorious claims are clearly separable from the unsuccessful ones." McCann v. Coughlin, 698 F.2d 112, 130 (2d Cir. 1983). Despite not prevailing on all claims, plaintiff contends that no reduction should be made because she obtained an excellent result and all of her claims were factually and legally intertwined. See City of Riverside v. Rivera, 477 U.S. 561, 569 (1986) (observing "that '[w]here a plaintiff has obtained excellent results, his attorney should receive a fully compensatory fee,' and that 'the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit' " (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983))); see also McCann, 698 F.2d at 130 ("A rule requiring that attorney's fee awards be reduced in such a situation could have the unfortunate affect of discouraging civil rights plaintiffs from advancing alternative theories in challenging a constitutionally suspect practice."). Upon further consideration, the Court finds that the equal protection and due process claims dismissed by Judge Platt in the March 2, 2004 decision are not "sufficiently separable" from the First Amendment retaliation claims on which plaintiff prevailed to warrant a reduction for lack of success on these claims. Plaintiff's unsuccessful claims were sufficiently related to, and intertwined with, the successful claim and the allegations of retaliation on which she ultimately prevailed. Therefore, no reduction should be made for the unsuccessful claims. Accordingly, the Court will include in the calculation of the fee, the 138.3 hours for D. Bengels and 174.5 hours for S. Konits constituting the one-third reduction for hours prior to March 2, 2004.

As for the 25% reduction to reflect that plaintiff succeeded against only one of several defendants, the Court observes that plaintiff's counsels' billing records do not – to any significant or meaningful extent – differentiate the hours spent in pursuing this action against Karahalis from those hours spent on the other defendants. Under these circumstances, the Court cannot make a specific, calculated reduction for success against only one of several defendants, although, presumably, a significant number of hours would have been spent handling pretrial and trial issues relating to defendants other than Karahalis. In any event, plaintiff apparently attributes her lack of success against these other defendants to constraints placed by the Court on the scope of the trial, forcing her to focus on one defendant – Karahalis. However, she did not withdraw any of her claims against the other defendants. Although she maintains that all of the defendants were united in interest, the jury's finding in favor of the other individual defendants demonstrates otherwise, and was supported by trial testimony and other evidence reflecting distinctions in defendants' conduct. Moreover, although the jury awarded plaintiff $400,000 for pain and suffering against Karahalis, that amount arguably was excessive, and plaintiff received no other damages or relief. The amount awarded was not reduced or set aside by the Court given the parties' settlement. Under the circumstances, the Court concludes that the 25% reduction reflects a reasonable reduction for plaintiff's limited success.

Based on these determinations, the calculated fee is $500,123, given the following hours[2] and rates, reduced by 35%: (1) D. Bengels, 1,269.2 @ $350 per hour; (2) S. Konits, 1,062.15 hours @ $300 per hour; and (3) J. Bengels, 43.7 hours @ $150 per hour. Even with the

---

[2]The hours reflect reductions of 10.6 hours for D. Bengels, 10.95 hours for S. Konits, and 14 hours for J. Bengels, as per the Court's August 18, 2008 Order.

reductions imposed by the Court, the Court finds that an award of $500,123 is at the upper end of

what constitutes a reasonable attorney's fee, particularly considering the degree of success and

result in this action. However, the action involved substantial motion practice and an appeal, as

defendants vigorously defended this action, all causing plaintiff to incur substantial hours in the

action. Accordingly, the Court grants plaintiff's motion for attorney's fees in the amount of

$500,123.

The Court holds in abeyance plaintiff's "second motion" for attorney's fees and motion

for attorney's fees incurred on appeal pending final determination of the appeal. The Clerk of

Court is directed to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        May 19, 2010