UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
CAROL KONITS,

                 Plaintiff,                    MEMORANDUM AND ORDER

      -against-                          CV 01-6763 (LDW)

VALLEY STREAM CENTRAL HIGH
SCHOOL DISTRICT, et al.,

                 Defendants.
---------------------------------------------------X

WEXLER, District Judge

      Plaintiff Carol Konits brought this action under 42 U.S.C. § 1983 against

defendants Valley Stream Central High School District, its Board of Education, and

administrators Robert D. Vilante, Dean Karahalis ("Karahalis"), Robert E. Kaufold, and

Grace Kerr, each in their individual and official capacities, for retaliation in violation of

the First Amendment and for deprivation of equal protection and due process under the

Fifth and Fourteenth Amendments, as well as supplemental state claims.  By

Memorandum and Order, dated March 2, 2004, Judge Platt granted summary judgment to

defendants dismissing the action.  *See Konits v. Valley Stream Cent. High Sch. Dist.*, CV

01-6763 (E.D.N.Y. Mar. 2, 2004).  On appeal, the Second Circuit reinstated the First

Amendment retaliation claim and remanded for further proceedings.  *See Konits v. Valley

Stream Cent. High Sch. Dist.*, 394 F.3d 121 (2d Cir. 2005) ("*Konits I*").  After a three-day

trial, a jury returned a verdict, which this Court entered on November 7, 2007, for

plaintiff for $400,000 on her retaliation claim against Karahalis.  Thereafter, Karahalis

moved to set aside the verdict and/or reduce the jury award. At a conference with the Court, plaintiff and Karahalis settled the matter for $175,000, with plaintiff reserving the right to move for attorney's fees. Plaintiff filed a motion for attorney's fees as a prevailing party under 42 U.S.C. § 1988, seeking $906,675.50 based on 2,410.6 hours for three attorneys: (1) Dennis A. Bengels ("D. Bengels") (1,279.8 hours @ $385 per hour, totaling $492,723.00); (2) Sharon C. Konits ("S. Konits") (1,073.1 hours @ $375 per hour, totaling $402,412.50); and (3) Jessica L. Bengels ("J. Bengels") (57.7 hours @ $200 per hour, totaling $11,540.00). Karahalis opposed the motion, arguing for a substantial reduction in the amount awarded.

By Memorandum and Order dated August 18, 2008 (the "August 18, 2008 Order"), this Court awarded plaintiff attorney's fees in the amount of $364,485.88. In this respect, the Court applied (1) a one-third reduction in hours before March 2, 2004, reflecting dismissal of plaintiff's equal protection and due process claims; (2) a 25% reduction in that plaintiff succeeded against only one of several defendants; and (3) a 10% reduction for vague billing entries, hours excessive to reasonable prosecution of the action, hours not reasonably related or necessary to the prosecution of the action, and hours that should have been billed at reduced rates for clerical and paralegal tasks.

Plaintiff appealed the August 18, 2008 Order – the second appeal in this action. By Summary Order, the Second Circuit remanded the matter for further explanation of (1) the basis for the reduction of fees for the "sufficiently separable" claims to the one upon which plaintiff prevailed; (2) the basis for the reduction of fees for plaintiff's

success against one of several defendants; and (3) the rate applied in the fee calculation. *See Konits v. Valley Stream Cent. High Sch. Dist.*, 350 Fed. Appx. 501, 505 (2d Cir. Oct. 26, 2009) ("*Konits II*"). Plaintiff did not challenge the 10% reduction, and the Second Circuit did not disturb that ruling. See id. at *504 n.1.

Plaintiff thereafter moved this Court to respond to the Second Circuit's remand order in *Konits II*, requested renewal of her "second" motion for attorney's fees, and filed a "third" motion for attorney's fees seeking an award of fees for the second appeal.

By Memorandum and Order dated May 19, 2010, this Court awarded plaintiff attorney's fees in the amount of $500,123, setting reasonable hourly rates of $350 for D. Bengels and $300 for S. Konits. *See Konits v. Valley Stream Cent. High Sch. Dist.*, No. CV 01-6763, 2010 WL 2076949, at *2-4 (E.D.N.Y. May 19, 2010) (the "May 19, 2010 Order"). In addition, this Court held in abeyance plaintiff's "second" and "third" motions for attorney's fees pending final determination of the appeal from the May 19, 2010 Order. See id. at *4. On February 2, 2011, the Second Circuit affirmed this Court's May 19, 2010 Order. *See Konits v. Karahalis*, 409 Fed. Appx. 418, 422-24 (2d Cir. Feb. 2, 2011) ("*Konits III*").

After *Konits III*, plaintiff moved to renew her "second" motion seeking attorney's fees for the period from February 23, 2008 to August 24, 2008 (relating to the initial motion for attorney's fees resulting in the August 18, 2008 Order), and seeking costs and expenses incurred in this action. Plaintiff also renewed her "third" motion seeking attorney's fees and expenses incurred on the second appeal. Then plaintiff filed a

"fourth" motion seeking attorney's fees related to the period from October 26, 2009 to May 26, 2010 – the period on remand following *Konits II* and leading to this Court's May 19, 2010 Order. Thereafter, Karahalis moved for sanctions and related relief, and plaintiff countered with additional motions for fees and related relief.

Upon consideration, plaintiff's remaining motions are granted to the extent that plaintiff is awarded: (1) reasonable attorney's fees in preparing her initial motion for attorney's fees (resulting in the August 18, 2008 Order), as conceded by Karahalis; (2) reasonable costs incurred in this action; (3) reasonable attorney's fees and costs incurred on her second appeal (which resulted in the Second Circuit's remand for clarification per *Konits II*) and on remand (which lead to this Court's May 19, 2010 Order increasing plaintiff's attorney's fee award); and (4) interest on the attorney's fee awarded from the date of the verdict, November 7, 2007, at the rate fixed in 28 U.S.C. § 1961.

As for attorney's fees in preparing the initial fee application, plaintiff seeks fees based on 235.4 hours (141.8 hours for D. Bengels and 93.6 for S. Konits). Upon consideration, this Court finds this number of hours patently excessive, with excessive hours related to, inter alia: (1) analyzing and revising billing records; (2) analyzing and reviewing defendant's opposition papers; (3) researching and preparing supporting and reply papers (including making claims and arguments regarding vague billing entries, hours excessive to reasonable prosecution of the action, and hours not reasonably related or necessary to the prosecution of the action); and (4) obtaining and using certain nonparty records. This Court finds that 20 hours is a reasonable number of hours for

preparing and organizing billing records and for researching and preparing sufficient supporting and reply papers for plaintiff's initial fee application. The central disputed issues briefed on the initial fee application were the determination of a reasonable hourly rate and whether to reduce the request for prevailing on only one of multiple claims. These issues were not particularly complex, and the efforts reasonably required for their resolution do not justify the exorbitant fee sought by plaintiff. Thus, plaintiff is awarded 20 hours at $350 per hour, for a total of $7,000.

As for costs incurred in the action, plaintiff initially sought $8,093.01, including $3,400 for certain expert fees. Karahalis argues, inter alia, that the expert fees and certain subpoena fees are not recoverable, that the copying costs sought are excessive, and that plaintiff erroneously calculated the total costs. Plaintiff concedes that she cannot recover the expert and subpoena fees, and recalculates the costs at $4,653.01. Upon consideration, the Court awards plaintiff costs of $4,653.01.

As for attorney's fees on the second appeal and for the remand period, plaintiff seeks fees for the second appeal based on 502 hours (386.7 hours for D. Bengels and 115.3 hours for S. Konits) and for the remand period based on 312.8 hours (221 hours for D. Bengels and 91.8 for S. Konits). This Court finds these amounts also patently excessive, particularly since plaintiff had only limited success on the second appeal and on remand. In this respect, plaintiff did not prevail on the issues of the reduction of fees for prevailing against only one of several defendants and on the 10% reduction. The central disputed issues on which plaintiff can claim to have prevailed on the second

appeal and on remand was the determination of a reasonable hourly rate and the reduction of fees for prevailing on only one of multiple claims.  As noted above, these issues were not particularly complex, and the efforts reasonably required for their resolution do not justify the exorbitant fee sought by plaintiff.  Indeed, the primary issues discussed in the appellate brief and then in submissions on remand were briefed in this Court on the initial fee application.  Under the circumstances, the Court finds that 60 hours is a reasonable number of hours.  Accordingly, the Court awards fees on the second appeal and for the remand period based on 60 hours at $350 per hour, for a total of $21,000.

As for costs on the second appeal, plaintiff is entitled to $3,526.28, as reflected in her Itemized and Verified Bill of Costs dated October 29, 2009 (Docket No. 213).

In addition, plaintiff is entitled to interest on the total attorney's fees awarded in this action from the date of the verdict, November 7, 2007, at the rate fixed in 28 U.S.C. § 1961.  *See Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843(JO), 2010 WL 4392566, at *10-12 (E.D.N.Y. Oct. 29, 2010).

In all other respects, plaintiff's motions are denied.  Notably, plaintiff did not prevail on her appeal from the May 19, 2010 Order.  Therefore, she is not entitled to any fees or costs associated with that appeal.

As for Karahalis's motion for sanctions and related relief, that motion is denied.

Accordingly, the Court:  (1) grants plaintiff's motions to the extent that she is awarded additional attorney's fees in the amount of $28,000, costs in the amount of $8,179.29, and interest on the total attorney's fees awarded, but otherwise denies her

motions; and (2) denies Karahalis's motion.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       July 11, 2011